# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable Marvin H. Brown, Jr.
Criminal District Attorney
Tarrant County
Fort Worth, Texas

Attention:  Mr. M. Hendricks Brown

Dear Sir:                              Opinion No. O-5035
                                       Re: Exemption certificates
                                           for voting to those who
                                           have moved to Tarrant
                                           County from outside the
                                           State of Texas subsequent
                                           to January 1, 1942, and
                                           related matters.

        Your letter of December 29, 1942, requesting the
opinion of this department on the matters stated therein
reads as follows:

        "Mr. John Bourland, Tax Collector and As-
    sessor of Tarrant County, has requested this of-
    fice to advise him with reference to his issu-
    ance of exemption certificates for voting to
    those who have moved to Tarrant County from out-
    side the State of Texas subsequent to January 1,
    1942.

        "Inasmuch as these people did not live in
    the State of Texas on and prior to January 1,
    1942, they would not be subject to the assess-
    ment of a poll tax. However, under the terms
    of Article VI, Section 2, of the Constitution,
    and Article 2955, Revised Civil Statutes, as
    amended by the 47th Legislature in House Bill
    109, such persons would be qualified electors
    and would be entitled to vote at any election
    which was held after they had resided in the
    State of Texas for one year, and in the county
    and precinct in which they offer to vote for
    the preceding six months.

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

"Article 2968 provides that 'Every person who is exempt by law from the payment of a poll tax and who is in other respects a qualified voter, who resides in a city of 10,000 inhabitants or more, shall before the first day of February of the year when such voter shall have become entitled to such exemption obtain from the Tax Collector of the county of his or her residence, a certificate showing his or her exemption from the payment of a poll tax.'

"Article 2968a refers to those 'who do not reside in a city of 10,000,' and further expressly applies to those 'who are exempt from the payment of a poll tax because he or she was not a resident of the State on the first day of January preceding its levy, but who shall since become eligible to vote by reason of a length of residence or age shall on or before the thirty-first day of January of the year in which he or she offers to vote, obtain from the Assessor and Collector of Taxes for the county of his or her residence a certificate of exemption from the payment of a poll tax, and no such person who has failed or refused to obtain such certificate of exemption from the payment of a poll tax shall be allowed to vote.'

"Article 2955, as amended by the Acts of the 47th Legislature in House Bill No. 109, in providing the qualifications for voting, provides that 'Every person subject to none of the foregoing disqualifications who shall have attained the age of twenty-one years and who shall be a citizen of the United States, and who shall have resided in this State one year next preceding an election, and the last six months within the district or county in which he or she offers to vote, shall be deemed a qualified elector, *** and if said voter is exempt from paying a poll tax and resides in a city of 10,000 inhabitants or more, he or she must procure a certificate showing his or her exemptions as required by this title. ****'

"Article 2968 does not expressly apply to those new residents of the State of Texas who

reside in a city of 10,000 inhabitants or more.
Article 2968a does apply to those new residents
who do not reside in a city of 10,000 or more
inhabitants.

"Article 2955, as amended, does apply to all
voters exempt from paying a poll tax and who shall
have resided in this state one year next preced-
ing an election and the last six months within
the district or county in which he or she offers
to vote and who resides in a city and who does
reside in a city of 10,000 inhabitants or more.

"We have advised the Tax Collector and As-
sessor that he should issue such poll tax exemp-
tion certificates to all residents who have moved
to Tarrant County from outside of the State of
Texas subsequent to January 1, 1942, even though
they may have moved within the limits of the city
of Fort Worth (a city of more than 10,000 in-
habitants) and we have advised such Tax Collec-
tor and Assessor that the failure to designate
in Article 2968 those 'who are exempt from the
payment of a poll tax because he or she was not
a resident of the State of Texas on the first
day of January preceding its levy' does not pre-
clude those residing in a city of more than
10,000 inhabitants from obtaining exemption
certificates.

"The question has also arisen as to whether
those who have moved to Tarrant County from out-
side of the State of Texas subsequent to February
1, 1942, and who have not lived in the State of
Texas for one year at the time they apply for
their exemption certificates are entitled to
such exemption certificates. In our opinion,
in view of the provisions contained in Article
VI, Section 2, of the Constitution, and Article
2955, as amended, those persons would neverthe-
less be qualified electors if they have resided
in the State of Texas for one year prior to the
date of any election which might be held during
the year 1943. However, since Article 2955 pro-
vides that they must have an exemption certificate

if they reside in a town of 10,000 inhabitants
or more to be able to vote, we have advised that
the Tax Collector and Assessor should also issue
exemption certificates to this class of new resi-
dents under the reasoning contained in the opin-
ion of the Attorney General dated January 14,
1938, addressed to Mr. B. Frank Kauffman, Chair-
man, Tarrant County Democratic Executive Committee,
wherein it was held on page 5 of such opinion that
'unders' who would not attain their twenty-first
birthday prior to the first day of February in
any one year, but who would become twenty-one
years of age after January thirty-first of such
year and prior to the date of an election dur-
ing that year would be entitled to an exemption
certificate for such 'unders', as the opinion
stated, 'must anticipate his birthday in obtain-
ing such exemption certificate.' In like manner,
such new residents who had not been in the State
of Texas for one year prior to January 31, 1943,
but who would have the required one year's
length of residence prior to an election in
the year 1943, must anticipate their becoming
a qualified elector by attaining a year's resi-
dence, and would be entitled to such exemption
certificate.

"We would appreciate your advising us if our
advice to the Tax Collector and Assessor of Tar-
rant County on these two matters is correct. Many
thousands of new residents are now located in
Tarrant County, having moved here to work in the
various defense plants and on the various defense
projects. A large portion of them are from the
State of California and other states. Naturally,
there will be a rush for poll taxes and exemptions
certificates during the month of January, and
inasmuch as the deadline exists on January 31,
1943, the time is short within which we may ob-
tain this opinion and its use this year."

In Opinion No. 0-4348 this department has hereto-
fore ruled on questions very similar to the questions pre-
sented in your inquiry. In view of this opinion and the au-
thorities cited therein you are respectfully advised that those

persons who have moved into the State of Texas and Tarrant County after January 1, 1942, under the ruling in the case of Clark v. Stubbs, 131 S. W. (2d) 663, and the case of Rogers v. Smith, et al., 119 S. W. (2d) 679, and who do not reside in a city of 10,000 inhabitants or more and who have since become eligible to vote by reason of length of residence as contemplated in Article 2955, Vernon's Annotated Civil Statutes, are entitled to be issued certificates of exemption within the provisions of and as contemplated in Article 2968a, Vernon's Annotated Civil Statutes.

You are further advised that it is the opinion of this department that under the ruling in the case of Clark v. Stubbs, supra, and Rogers v. Smith, et al., supra, that those persons who have moved into the State of Texas and Tarrant County since January 1, 1942, and are in other respects qualified voters as contemplated in Article 2955, supra, and who reside in a city of 10,000 inhabitants or more, are, under the provisions of Article 2968, Vernon's Annotated Civil Statutes, entitled to receive certificates of exemption from the payment of a poll tax as therein contemplated and provided.

A copy of Opinion No. O-4348 is enclosed herewith. We also direct your attention to our Opinions Nos. O-1741a, O-2434, and O-4728, copies of which are enclosed herewith.

Trusting that the foregoing fully answers your inquiry, we are

Yours very truly

ATTORNEY GENERAL OF TEXAS

By

Ardell Williams
Assistant

AW:db

Enclosures

